```
               IN THE UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF ARKANSAS
                        PINE BLUFF DIVISION


PAUL LATHAM                                            PETITIONER


vs.              Civil Case No. 5:07CV00135 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                      RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

### DISPOSITION

Now before the court is Respondent's Motion to Dismiss this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Paul W. Latham, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury on June 23, 1993, of rape, and he was sentenced as an habitual offender to seventy-five years imprisonment. The Arkansas Supreme Court affirmed his conviction on September 19, 1994. Latham v. State, 318 Ark. 19

2

(1994). On September 27, 1993, Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit C). He alleges he also filed a motion to correct an illegal sentence in 1996, which he contends is still pending. In the present proceeding, his sole contention is that his sentence violates his right to fair notice and is cruel and unusual in violation of the Eighth Amendment in that he was sentenced to a term of years equal to more than a life sentence under a state statute that was overly broad and vague.

In his Motion to Dismiss, Respondent contends the petition should be dismissed as untimely under 28 U.S.C. § 2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which establishes a one-year limitations period for filing federal habeas corpus petitions. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Thus, a state court judgment becomes final under § 2244 (d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. See Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc). Because the Arkansas Supreme Court entered its order affirming his conviction

on September 19, 1994, Petitioner's conviction became final on December 19, 1994.

The AEDPA was enacted on April 24, 1996. For habeas petitioners whose cases became final before the effective date of the Act, habeas courts have granted a one-year grace period ending on April 24, 1997. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore Petitioner had until April 24, 1997, in which to file his federal habeas petition. Respondent concedes that, under 28 U.S.C. § 2244(d)(2), the statute is tolled for any time a properly filed post-conviction motion or other petition for collateral relief is pending in state court. The state court docket sheet (Respondent's Exhibit B) does reflect that Petitioner filed a Rule 37 petition, but it does not reflect there was a formal ruling on the motion or that Petitioner filed a motion to correct an illegal sentence.

Respondent argues that, even if Petitioner properly filed both post-conviction petitions, they ceased pending on April 1, 2004, when the Miller County Circuit Court entered a "letter order" (Respondent's Exhibit A) explaining that the issues Latham raised had been settled on direct appeal. Petitioner argues the limitations period should be equitably tolled because he never received the letter until Respondent provided him a copy, the letter does not rise to the level of an official or unofficial "order" denying post-conviction relief, the issues raised in the

post-conviction motion and in the present petition were not raised on direct appeal and the letter is ambiguous and vague and cannot possibly be interpreted as an order denying his motion to correct an illegal sentence (Petitioner's Response to Motion to Dismiss, DE #12).  Moreover, Petitioner contends, the Inmate Attorney for the Arkansas Department of Correction inquired on his behalf on June 18, 1997, about the status of his 1993 motion and the alleged motion filed in 1996 (Respondent's Exhibit D).  The record reflects Petitioner himself inquired in 2004 (Respondent's Exhibit B, p. 3), which precipitated the letter from the court (Respondent's Exhibit A).

The court need not determine whether Petitioner properly submitted for filing a motion to correct an illegal sentence, or whether the letter from the state court (Respondent's Exhibit A) was an official ruling on either of his motions.  Even pro se prisoners are presumed to know the law, and Petitioner in this case is charged with the knowledge that the AEDPA established a limitations period in 1996.  See Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003).  Charged with that knowledge, it was Petitioner's responsibility to pursue his rights diligently by obtaining a ruling from the state courts in order to exhaust his state remedies and, after doing so, to pursue federal habeas corpus relief promptly.  This he did not do.  His failure to seek more diligently a ruling on his motions or to challenge the court's letter, and his

5

submission of only two inquiries over a span of eleven years is simply not due diligence. Thus, I find the present petition is untimely and must be dismissed.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 28th day of January, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge